```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                         Crim. No. 12-cr-021-01-PB

Raymond Rios

## ORDER OF DETENTION PENDING TRIAL

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on March 2, 2012, for the purpose of determining whether to detain the defendant, Raymond Rios.  The Defendant was indicted on February 22, 2012, on the following charges:  one (1) count of Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. §§ 371 and 2113(a); and one (1) count of Bank Robbery in violation of 18 U.S.C. § 2113(a).

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]."  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  When a detention hearing is authorized, the

court must determine whether any condition or combination of conditions set forth in Section 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear

and convincing evidence to establish dangerousness. See Patriarca, 948 F.2d at 792-93.

The government requests detention based on its contention that the defendant is both a danger to the community and a risk of flight. Although the government did not correctly articulate the precise statutory basis upon which it could request detention, the court believes a detention hearing was warranted on the grounds of dangerousness, 18 U.S.C. § 3142(f)(1)(A)(crime of violence), and risk of flight. 18 U.S.C. § 3142(f)(2)(A).[1]

Based on the bail report, the defendant's criminal record, and the proffers presented at the hearing, and for the reasons more fully stated on the record, the court finds the government satisfied its burden to establish that there are no conditions or combination of conditions that are likely to assure both the safety of the community and the defendant's presence at trial.

---

[1] Although the government indicated this was not a "rebuttable presumption" case, it appears to the court to the contrary. See 18 U.S.C. § 3142(f)(1)("crime of violence" presents a rebuttable presumption of dangerousness); 18 U.S.C. § 3156(a)(4)(defining "crime of violence" under Bail Reform Act as including offense having elements of use, attempted use, or threatened use of physical force). Nonetheless, the court's analysis presumes the rebuttable presumption does not apply in this case.

3

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: March 2, 2012

cc: Robert M. Kinsella, AUSA
Jeffrey S. Levin, Esq.
U.S. Marshal
U.S. Probation